**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JUN 29 2023

FOR THE NINTH CIRCUIT

PEDRO SANCHEZ SANCHEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-1028

Agency No.
A092-272-001

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 27, 2023[**]
Pasadena, California

Before: N.R. SMITH, LEE, and VANDYKE, Circuit Judges.

Pedro Sanchez Sanchez, a native and citizen of Mexico, petitions for

review of the order of the Board of Immigration Appeals, denying his motion to

reopen based on ineffective assistance of counsel. We have jurisdiction pursuant

to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The Board did not abuse its discretion in denying the motion to reopen as untimely. *See id.* (explaining equitable tolling is available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error"). Sanchez did not establish that he acted with due diligence. He did not file the motion to reopen for over sixteen years after his final order of removal, and he did not provide an explanation about what "reasonable efforts [he made] to pursue relief" or why he "was prevented from discovering the ineffective assistance of defense counsel." *Perez-Camacho v. Garland*, 54 F.4th 597, 606–07 (9th Cir. 2022) (citation omitted). In other words, Sanchez has not provided evidence to establish that "by the exercise of reasonable diligence [he] . . . could not have discovered essential information bearing on the claim" prior to December 2020. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1184–85 (9th Cir. 2001) (en banc), *overruled on other grounds by Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020) (en banc) (citation omitted).

**PETITION FOR REVIEW DENIED.**